STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
September 17, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN L. BOOTHE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1088** (BOR Appeal No. 2049383)
              (Claim No. 2000030317)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**G & G BUILDERS, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner John L. Boothe, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 24, 2014, in which the Board affirmed a March 25, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 20, 2013, decision denying Mr. Boothe's request for three cervical trigger point injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Boothe worked for G & G Builders, Inc., as a construction worker. On November 17, 1999, Mr. Boothe sustained injuries to his neck and shoulder while hanging sheet rock off a scaffold. The claim was held compensable for specified disorder of bursae, disorders of the bursae tendons into the shoulder region, adhesive capsulitis of shoulder, neck sprain, and sprain of site of shoulder. On May 30, 2012, Robert P. Kropac, M.D., performed an independent medical evaluation on Mr. Boothe and found that Mr. Boothe had reached maximum medical improvement for his cervical spine and shoulder and recommended no other treatment except for medical maintenance care with the use of Oxycodone. J. Jorge Gordinho, M.D., from Responsible Pain and Aesthetic Management, saw Mr. Boothe on many occasions beginning on January 7, 2013. All of Dr. Gordinho's reports in terms of treatment only recommended that Mr. Boothe continue with using Oxycodone. In a letter, James Lowe, PA-C, from Responsible Pain and Aesthetic Management requested authorization for trigger point injections in a series of three visits. The claims administrator denied the requested cervical trigger point injections due to lack of documentation of objective physical signs and subjective symptoms to support use of the proposed procedure.

The Office of Judges affirmed the claims administrator's decision and found that a preponderance of credible medical evidence fails to establish the reasonableness and necessity of trigger point injections. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Boothe disagrees and asserts that the requested trigger point injections are reasonable medical treatment and are related to this occupational injury. The West Virginia Office of Insurance Commissioner maintains that the Board of Review correctly upheld the findings and conclusion of the Office of Judges and that the Office of Judges correctly denied the injections because it found Dr. Kropac's report was more persuasive.

The Office of Judges found that although Mr. Boothe does suffer from chronic pain, the reports of Dr. Gordinho failed to mention any evidence of active trigger points. The Office of Judges noted that trigger point injections are needed when Mr. Boothe's symptoms and examination findings are consistent with active trigger points. Additionally, the Office of Judges determined that nowhere in Dr. Gordinho's treatment notes did he suggest any change in Mr. Boothe's treatment but only continued him on Oxycodone. The Office of Judges noted that Dr. Gordinho's examination of Mr. Boothe appeared to be somewhat perfunctory in nature based on the treatment notes and that the notes appeared similar if not identical. The request for authorization was not made by Dr. Gordinho, but the request was made by Mr. Lowe who works as a physician's assistant at Responsible Pain and Aesthetic Management. The request from Mr. Lowe for the trigger point injections was dated May 30, 2013. Mr. Boothe was seen by Dr. Gordinho on at least three occasions after Mr. Lowe's request. Dr. Gordinho never mentioned the need for trigger point injections.

The Office of Judges found that the independent medical evaluation performed by Dr. Kropac was far more detailed in description than any report that Mr. Boothe submitted into evidence. Dr. Kropac did not identify any active trigger points or recommend trigger point injections as a modality of treatment for Mr. Boothe. The Office of Judges concluded that no medical report directly contradicted the findings and conclusions of Dr. Kropac and that Mr.

Boothe failed to prove that he is entitled to the requested medical benefits. The Office of Judges found the claims administrator was justified in denying the requested treatment.

The Board of Review agreed with the Office of Judges, and this Court agrees with the Board of Review. Mr. Lowe is employed at Responsible Pain and Aesthetic Management like Dr. Gordinho, but all of the medical reports from Responsible Pain and Aesthetic Management were completed by Dr. Gordinho except for Mr. Lowe's letter requesting the trigger point injections. There are no medical reports in evidence of Mr. Lowe examining or treating Mr. Boothe. Mr. Lowe is the only medical professional who indicates that trigger point injections are needed for the compensable injury. Mr. Boothe was also seen by Dr. Gordinho and Dr. Kropac, and both of these physicians only recommended Mr. Boothe continue Oxycodone as his course of treatment for the compensable injury. Dr. Kropac's report is very detailed and is the most persuasive medical evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED:   September 17, 2015**


**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II